# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| ENRIQUE ARAGON-HERNANDEZ,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C09-3040-MWB<br>(CR06-3061-MWB)<br><br>**ORDER REGARDING PETITIONER'S *PRO SE* MOTION TO DISQUALIFY JUDGE** |

      This case comes before the court on petitioner Enrique Aragon-Hernandez's *pro se* Motion To Disqualify Judge (docket no. 3). In his motion, petitioner Aragon-Hernandez requests the recusal of the undersigned, pursuant to 28 U.S.C. §144, from considering his *pro se* Motion To Vacate Sentence and Judgment Pursuant to 28 U.S.C. § 2255 (docket no. 1).[1] Petitioner Aragon-Hernandez asks the court to recuse itself because the court is allegedly biased against him. In support of his allegation of bias, petitioner Aragon-Hernandez asserts that the court ruled against him in permitting certain unidentified "suppressed" evidence to be admitted at his trial. He also contends that the court is prejudiced against him because of certain unnamed "[a]dverse newspaper and media releases."

---

[1] Petitioner Aragon-Hernandez also seeks recusal pursuant to 28 U.S.C. § 47. Section 47 provides that "[n]o judge shall hear or determine an appeal from the decision of a case or issue tried by him." 28 U.S.C. § 47. This statute is inapplicable here because "its plain language only applies to cases on 'appeal,' rather than habeas petitions." *Clemmons v. Wolfe*, 377 F.3d 322, 325 (3rd Cir. 2004).

Section 144 provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.[2]

A recusal motion under 28 U.S.C. § 144 is committed to the sound discretion of the court. *See United States v. Johnson*, 47 F.3d 272, 276 (8th Cir. 1995); *Larson v. United States*, 835 F.2d 169, 172 (8th Cir. 1987), *cert. denied*, 486 U.S. 1056 (1988); *Gilbert v. City of Little Rock,* 722 F.2d 1390, 1399 (8th Cir. 1983), *cert. denied,* 466 U.S. 972 (1984); *see also United States v. Jordan*, 303 Fed. App'x 439, 440 (9th Cir. 2008); *Atwell v. Metterau*, 255 Fed. App'x 655, 657 (3rd Cir. 2007); *United States v. Gibbs*, 192 Fed.

---

[2] Although the text of § 144 would appear to require automatic disqualification upon the filing of a motion and supporting affidavit, it is appropriate for the challenged judge to rule on the motion for recusal to determine whether it is legally sufficient. *See United States v. Surapaneni*, 14 Fed. App'x, 334, 336 (6th Cir. 2001); *Easley v. University of Mich. Bd. of Regents,* 853 F.2d 1351, 1355-56 (6th Cir. 1988). *National Auto Brokers Corp. v. General Motors Corp.,* 572 F.2d 953, 958 (2d Cir. 1978), *cert. denied,* 439 U.S. 1072 (1979); *United States v. Haldeman,* 559 F.2d 31, 131 (D.C. Cir. 1976), *cert. denied,* 431 U.S. 933 (1977).

App'x 242, 244 (4th Cir. 2006); *Moskovits v. Moskovits*, 150 Fed. App'x 101, 102 (2d Cir. 2005); *Andrade v. Chojnacki,* 338 F.3d 448, 454 (5th Cir. 2003); *Green v. Nevers,* 111 F.3d 1295, 1303 (6th Cir. 1997). In reviewing a § 144 affidavit, " the court must not pass on the factual merit of any allegation but must restrict its analysis to the legal sufficiency of the affidavit." *Souder v. Owens-Corning Fiberglas Corp.*, 939 F.2d 647, 653 (8th Cir. 1991) (citing *Wounded Knee Legal Defense/Offense Comm. v. F.B.I.,* 507 F.2d 1281, 1285 (8th Cir. 1974)). The court's determination turns on whether "the facts would provide an objective, knowledgeable member of the public with a reasonable basis for doubting a judge's impartiality." *Perkins v. Spivey*, 911 F.2d 22, 33 (8th Cir. 1990). Because judges are presumed impartial, the "substantial burden" of proving bias lies with the party seeking disqualification. *United States v. Denton,* 434 F.3d 1104, 1111 (8th Cir. 2006). What is more, "a federal judge has a duty to *sit* where *not disqualified* which is equally as strong as the duty to *not sit* where *disqualified*." *Laird v. Tatum,* 409 U.S. 824, 837 (1972) (Rehnquist, J., concurring) (emphasis in original).

Here, although petitioner Aragon-Hernandez seeks relief pursuant to 28 U.S.C. § 144, it is clear that petitioner Aragon-Hernandez's motion fails to comply with the requirements of § 144. Specifically, § 144 requires a party to file a timely and sufficient affidavit that the judge has a personal bias or prejudice against him. 28 U.S.C. § 144. Petitioner Aragon-Hernandez's motion contains no affidavit or any statement that the allegations in it were made under penalty of perjury nor does it contain any sworn declaration. The Eighth Circuit Court of Appeals has held that "'[a]n affidavit must strictly comply with all of the statutory requirements before it will effectively disqualify a judge.'" *In re Medlock*, 406 F.3d 1066, 1073 (8th Cir. 2005) (quoting *United States v. Anderson,* 433 F.2d 856, 859 (8th Cir. 1970)); *see also United States v. Young,* 907 F.2d 867, 868 (8th Cir. 1990) ("The district court properly refused to recuse himself because

3

Young's affidavit was untimely and legally insufficient."). Because petitioner Aragon-Hernandez has failed to comply with § 144's statutory requirements, his claim of prejudice is legally insufficient and denied on that ground. *See In re Medlock*, 406 F.3d at 1073; *Young,* 907 F.2d at 868.

Even if the court were to consider petitioner Aragon-Hernandez's unsworn allegations, petitioner Aragon-Hernandez has not stated a sufficient basis for disqualification under § 144. Petitioner Aragon-Hernandez vaguely identifies some adverse evidentiary ruling at trial as a basis for the court's recusal. This ruling was not appealed and there is, therefore, no basis to conclude that it was the result of bias or prejudice against him. Moreover, the United States Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994). The limited exception is where the circumstances demonstrate "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Such a high degree of favoritism or antagonism is not demonstrated by petitioner Aragon-Hernandez's vague allegation regarding the admission of evidence at his trial, nor does it indicate that the court will be unable to fairly adjudicate his § 2255 motion. *See United States v. Morgan,* 384 F.3d 439, 444 (7th Cir. 2004) (noting that a judge's adverse evidentiary rulings do not establish bias); *Golant v. Levy (In re Golant),* 239 F.3d 931, 938 (7th Cir. 2001) (noting that disagreement with judge's prior rulings are not evidence of bias). The court, therefore, concludes that petitioner Aragon-Hernandez has failed to show a basis for recusal, as his allegations fail to demonstrate any "deep-seated favoritism or antagonism that would make fair judgment impossible," *Liteky,* 510 U.S. at 555, as opposed to disagreement with decisions made by the undersigned

4

during his trial.[3] *See Role v. Eureka Lodge No. 434,* 402 F.3d 314, 318 (2d Cir. 2005). Accordingly, petitioner Aragon-Hernandez's *pro se* Motion To Disqualify Judge is denied.

**IT IS SO ORDERED.**

**DATED** this 23rd day of June, 2009.

*Mark W. Bennett*
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

[3] Petitioner Aragon-Hernandez also contends that the court is prejudiced against him because of certain unnamed "[a]dverse newspaper and media releases." Because petitioner Aragon-Hernandez does not identify these newspaper and media releases in any way, the court cannot even ascertain whether it has seen or heard them, let alone determine what, if any, prejudicial impact they might generate.

5