**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

ENRIQUE ARAGON-HERNANDEZ,

      Petitioner,

vs.

UNITED STATES OF AMERICA,

      Respondent.

No. C 09-3040-MWB
(No. CR 06-3061-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S SECTION 2255
MOTION**

———————————

**TABLE OF CONTENTS**

*I.* **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. The Petitioner's Criminal Proceedings* . . . . . . . . . . . . . . . . . . . . . . 2
    *B. Petitioner's § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*II.* **PRELIMINARY MATTERS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*III.* **LEGAL ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . . 7
    *B. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . 10
        *1. Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
        *2. Failure to Object to Admission of Lab Reports* . . . . . . . . . . . . 12
        *3. Failure to Adequately Represent* . . . . . . . . . . . . . . . . . . . 14
        *4. Failure to Object Pursuant to Rule 404(b)* . . . . . . . . . . . . . . 15
        *5. Failure to Raise* **Brady** *Violation* . . . . . . . . . . . . . . . . . . 16
        *6. Motion for New Trial Pursuant to Rule 33* . . . . . . . . . . . . . 19
    *C. Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*IV.* **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

## I. INTRODUCTION

This case is before the court on petitioner Enrique Aragon-Hernandez's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1), filed on June 18, 2009. Aragon-Hernandez claims that the attorney who represented him at the trial and appellate level provided him with ineffective assistance of counsel in several ways. The respondent denies that Aragon-Hernandez is entitled to any relief on his claims.

### A. The Petitioner's Criminal Proceedings

On August 23, 2006, Aragon-Hernandez was charged by a three-count Indictment (Crim. docket no. 1), with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine; distributing and aiding and abetting distribution of 50 grams or more of methamphetamine on August 17, 2006; and distributing and aiding and abetting distribution of 50 grams or more of methamphetamine on August 7, 2006. *See* Crim. docket no. 1. Aragon-Hernandez filed a Waiver Of Personal Appearance At Arraignment And Entry Of Plea Of Not Guilty (Crim. docket no. 10) on September 8, 2006. On the same day, United States Magistrate Judge Paul A. Zoss entered an Order (Crim. docket no. 10) accepting the Waiver of Personal Appearance and entering the Plea of Not Guilty.

On December 20, 2006, the government filed a Superseding Indictment (Crim. docket no. 20), extending the period of time covering **Count 1** of the Indictment and adding possession of a firearm in furtherance of a drug trafficking crime as **Count 4**.

Aragon-Hernandez appeared before Judge Zoss on December 28, 2006, and entered a plea of not guilty to all counts of the Superseding Indictment. *See* Crim. docket no. 27.

Aragon-Hernandez, by and through counsel, filed a Motion in Limine (Crim. docket no. 29), on January 17, 2007, seeking exclusion of recordings of telephone calls on the basis that they were inaudible. On January 31, 2007, the undersigned entered a Memorandum Opinion and Order (Crim. docket no. 34), excluding the recordings of telephone calls unless the government could succeed in producing a sufficiently "clean" copy. On January 25, 2007, Aragon-Hernandez filed a *Pro Se* Motion for Change of Attorney (Crim. docket no. 31). On January 31, 2007, after a hearing on the matter, Aragon-Hernandez withdrew his *Pro Se* Motion for Change of Attorney. *See* Crim. docket no. 35.

On February 8, 2007, Aragon-Hernandez, by counsel, filed a Motion For Bill Of Particulars (Crim. docket no. 36), requesting information relating to the allegation that he used a firearm in furtherance of a drug crime. The Government filed a Resistance (Crim. docket no. 37) on February 15, 2007, arguing that the discovery file contained information relating to Aragon-Hernandez's involvement in a drug conspiracy as well as information relating to the use of a firearm in furtherance of the conspiracy; specifically, that the gun was found in a safe in Aragon-Hernandez's bedroom containing pre-serialized money used in a controlled drug buy, and that the gun had his fingerprints on it. Aragon-Hernandez, by and through counsel, filed a Reply To Response (Crim. docket no. 38), maintaining that the information available in the discovery file only contained evidence of possession of a firearm by Aragon-Hernandez, but not the necessary nexus between possession of the gun and the drugs. On February 27, 2007, Judge Zoss entered an Order (Crim. docket no. 39), denying Aragon-Hernandez's Motion For A Bill Of Particulars by holding that "[t[here is nothing in the record to suggest Aragon needs a bill of particulars to inform him

of the nature of the charge against him with sufficient precision to enable him to prepare for trial or to avoid or minimize the danger of surprise at trial." Judge Zoss noted that to the extent that Aragon-Hernandez was challenging the sufficiency of evidence, such a challenge would be appropriate at trial. *See* Crim. docket no. 39.

A jury trial commenced on April 9, 2007 against both Aragon-Hernandez and Eduardo Tejeda-Cadena, a co-defendant. *See* Crim. docket no. 59. On April 12, 2007, the jury entered a guilty verdict against Aragon-Hernandez on **Counts 1-4** of the Superseding Indictment. *See* Crim. docket no. 68.

Aragon-Hernandez, by counsel, filed a Renewed Motion For Acquittal And New Trial (Crim. docket no. 79), on May 14, 2007, on the basis that the evidence presented at trial was insufficient to sustain a conviction for possession of a firearm in furtherance of a drug-trafficking crime. The Government filed a Resistance (Crim. docket no. 83) on May 31, 2007. On July 3, 2007, the undersigned entered an Order (Crim. docket no. 88), denying Aragon-Hernandez's Renewed Motion for Acquittal and New Trial.

On July 18, 2007, by counsel, Aragon-Hernandez filed a Motion for Downward Departure Or Variance based on the lack of an extensive criminal history. (Crim. docket no. 90). Aragon-Hernandez appeared, with counsel, for sentencing on July 20, 2007. *See* Crim. docket no. 93. After independently reviewing the sentencing factors, the undersigned found that a downward variance was not justified and denied Aragon-Hernandez's motion. *(*Sent. Trans. at 5). Aragon-Hernandez was sentenced by the undersigned to a period of 211 months of imprisonment. *See* Crim. docket no. 93. The term of imprisonment consisted of 151 months on each of **Counts 1-3** of the Superseding Indictment, served concurrently and 60 months on **Count 4** of the Superseding Indictment, to be served consecutively to the sentence on **Counts 1-3**. *See* Crim. docket no. 93. In addition to the term of imprisonment, Aragon-Hernandez was placed on supervised release

for a period of 5 years on **Count 1** of the Superseding Indictment; 3 years on **Counts 2 and 3**; and 3 years on **Count 4**, all to be served concurrently. *See* Crim. docket no. 93.

On July 23, 2007, Aragon-Hernandez filed a Notice Of Appeal (Crim. docket no. 96), to the United States Court of Appeals for the Eighth Circuit. On June 12, 2008, the United States Court of Appeals for the Eighth Circuit entered an Opinion (Crim. docket no. 117) affirming the district court, holding that there had been sufficient evidence for a reasonable juror to find a nexus between Aragon-Hernandez's possession of a firearm and a drug crime such that his possession had the effect of furthering, advancing, or helping forward a drug crime.

Aragon-Hernandez filed a Petition for Writ of Certiorari on October 23, 2008. *See* Crim. docket no. 128. Aragon-Hernandez's Petition for Writ of Certiorari was denied on November 17, 2008. *See* Crim. docket no. 129.

### B. Petitioner's § 2255 Motion

On June 18, 2009, Aragon-Hernandez filed this *Pro Se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1) ("Motion") and a *Pro Se* Motion To Appoint Counsel (Civ. docket no. 2). Aragon-Hernandez also filed a *Pro Se* Motion For Recusal Of The undersigned (Civ. docket no. 3) based on allegations of prejudice, bias, and discrimination. By Order (Civ. docket no. 4), dated June 23, 2009, the court appointed counsel to represent Aragon-Hernandez. By Order(Civ. docket no.5), dated June 23, 2009, the undersigned denied Aragon-Hernandez's Motion For Recusal. On September 28, 2009, Aragon-Hernandez filed a *Pro Se* Motion To Remove Counsel (Civ. docket no. 16). The undersigned entered an Order (Civ. docket no. 17), denying Aragon- Hernandez's Motion To Remove Counsel. By counsel, Aragon-Hernandez filed an Amended Motion To Vacate, Set Aside Or Correct

Sentence and a supporting brief. (Civ. docket no. 24). On October 16, 2009, Aragon-Hernandez filed a *Pro Se* Supplemental Brief In Support Of The Amended Motion To Vacate, Set Aside, Or Correct Sentence. (Civ. docket no. 28). Aragon-Hernandez also filed a Second *Pro Se* Supplemental Brief (Civ. docket no. 29), on October 30, 2009. On February 2, 2010, Aragon-Hernandez, by counsel, filed a Motion For New Trial (Civ. docket no. 42). The respondent filed a Response to the Amended Motion To Vacate, Set Aside, Or Correct Sentence and to the Motion For New Trial (Civ. docket no. 46), on March 8, 2010. Aragon-Hernandez, by counsel, filed a Reply (Civ. docket no. 49), on May 10, 2010 and a Reply Brief (Civ. docket no. 52) on May 12, 2010. On May 26, 2010, by counsel, Aragon-Hernandez filed a Motion To Issue A Certificate Of Appealability (Civ. docket no. 53), on all pending issues.

## II. PRELIMINARY MATTERS

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Aragon-Hernandez's allegations, if accepted as true, would not entitle him to relief because he can demonstrate no prejudice and further that Aragon-Hernandez's allegations cannot be accepted as true because they are contradicted by the record.

Some of Aragon-Hernandez's claims appear to be procedurally defaulted, in that they were not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). However, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. In construing Aragon-Hernandez's claims as claims of ineffective assistance of counsel, the court will assume, without deciding, that Aragon-Hernandez can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial and appellate counsel. Therefore, the court will pass on to the merits of Aragon-Hernandez's claims for § 2255 relief.

## III. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Aragon-Hernandez's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to

> collateral attack, may move the court which imposed the
> sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States,* 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson,* 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States,* 417 U.S. 333, 343 (1974)); *accord Auman v. United States,* 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

A claim that has been unsuccessfully raised on direct appeal may not be relitigated on a motion to vacate. *Dall v. United States,* 957 F.2d 571, 572 (8th Cir. 1992). On the other hand,

> Section 2255 relief is not available to correct errors
> which could have been raised at trial or on direct appeal,
> absent a showing of cause and prejudice, *United States v.
> Frady,* 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71
> L. Ed. 2d 816 (1982), or a showing that the alleged errors
> were fundamental defects resulting in a complete miscarriage
> of justice. *See United States v. Smith,* 843 F.2d 1148, 1149
> (8th Cir. 1988) (*per curiam*).

*Ramey v. United States,* 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States,* 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual

prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d

673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Aragon-Hernandez's claims for § 2255 relief.

## B. Ineffective Assistance Of Counsel

### 1. Applicable standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28

U.S.C. § 2255 proceedings."). Thus, whether or not Aragon-Hernandez is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*,

423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. Failure to Object to Admission of Lab Reports

Aragon-Hernandez asserts, through counsel, that his trial counsel "rendered ineffective assistance" in not objecting to the admission of Division of Criminal Investigation laboratory reports during trial, pursuant to *Melendez-Diaz v. Massachusetts*, 129 S.Ct. 2527 (2009) (holding that absent a live witness, admission of laboratory reports concluding that a substance is a drug, violates the Confrontation Clause of the Constitution). (Civ. docket no. 24, at 3). The respondent argues that *Melendez-Diaz* is

a "new rule" and does not apply to cases on collateral review unless either of two narrow exceptions apply. (Civ. docket no. 26, at 8). The respondent asserts that "new rules" apply "retroactively in collateral proceedings only if (1) the rule is substantive or (2) the rule is a 'watershed' criminal procedure rule." (Civ. docket no. 46, at 8) (quoting *Whorton v. Bockting,* 549 U.S. 406, 414 (2007). The respondent argues that *Melendez-Diaz* was a "new rule," not dictated by previously existing precedence, but not a "watershed rule." (Civ. docket no. 46, at 8). Additionally, respondent asserts that Aragon-Hernandez cannot establish that he was prejudiced by admission of the exhibits because he cannot show a "substantial likelihood that calling DCI laboratory personnel as witnesses would have resulted in an acquittal . . ." (Civ. docket no. 46, at 10).

The Sixth Amendment to the United States Constitution, made applicable to the States via the Fourteenth Amendment, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *Id*. at 2531. A witness's testimony against a defendant is thus inadmissible unless the witness appears at trial, or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination. *Id*. Well after Aragon-Hernandez's conviction, the Eighth Circuit Court of Appeals held that sworn certificates showing the results of scientific tests are testimonial statements, and, therefore, analysts are witnesses that a defendant has the right to confront. *United States v. Charboneau*, 613 F.3d 860 (8th Cir. 2010).

Aragon-Hernandez cannot demonstrate that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). "'Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Trial counsel, by affidavit, states that "I did not object to the admission of the lab reports because I felt that putting

the lab technicians on the stand would bolster the government's case by making the results more important." (Response, Ex. 1, at 1).

Even if we assume that counsel's performance was deficient, and we do not here find that it was, Aragon-Hernandez cannot establish that he was prejudiced by any failure to object to admission of the lab reports. *See Swedzinski v. United States*, 160 F.3d 498, 501 (8th Cir. 1998). Aragon-Hernandez does not allege that he could have established that the substances in question were not drugs, nor does he allege that he could have established that the quantity was other than that established by the reports at trial. (Response, Ex.1 at 1). Further, Aragon-Hernandez does not argue that cross-examination would have established reasonable doubt that the fingerprints on the gun were his, or that other sufficient evidence would not have tied the firearm to him and his trial counsel asserts that she "had no evidence that the reports were incorrect." (Response, Ex. 1 at 2).

Aragon-Hernandez has not established either that his trial counsel provided ineffective assistance by failing to object to admission of the lab reports, or that he was prejudiced by this decision. Therefore, this court finds no reason to address the issue of retroactivity, and his claim, on this ground, fails.

### 3. *Failure to Adequately Represent*

Aragon-Hernandez alleges, based on trial notes, that his trial counsel intended to "rubber stamp" his case. (*Pro Se* Supplemental Brief, at 12). However, counsel appointed to represent him with respect to Aragon-Hernandez's § 2255 Motion, after reviewing the notes in their entirety in conjunction with the transcript from Voir Dire, determined that trial counsel's notes were simply used as a starting point to establish a theme with the jury. (Brief in Support of Amended Motion, at 22). Respondent argues that trial counsel used these notes to remind herself that her discussion with the jury should focus on why the jury should not just "rubber stamp" defendants without a trial. (Response, Ex. 1, at 2).

"'Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). The court finds that the record supports the conclusion that the notations do nothing more than reflect a trial strategy chosen by trial counsel. Further, Aragon-Hernandez has failed to establish prejudice because he has not supported his claim with specific allegations regarding how the statement appearing in the trial notes of counsel affected his trial and would have altered the outcome. *See United States v. Johnson,* 582 F.2d 1186, 1188 (8th Cir. 1978). Aragon-Hernandez's claim of ineffective assistance based on his trial counsel's notes, fails.

### 4. Failure to Object Pursuant to Rule 404(b)

Aragon-Hernandez raises, on a *pro se* basis, the argument that his trial counsel provided ineffective assistance by failing to file pre-trial motions pursuant to Federal Rule of Evidence 404(b), to exclude testimony of the informants at trial. (*Pro Se* Supplemental Brief, at 17). However, counsel appointed to represent Aragon-Hernandez, in his § 2255 Motion, after review of the trial transcript, found no grounds for this position. (Brief in Support of Amended Motion at 23). Respondent argues that Aragon-Hernandez cannot demonstrate that his trial counsel's decision not to file pre-trial motions was anything other than a reasonable strategic decision, and cannot prove that he was prejudiced, because the evidence would have been admitted despite such motions. (Response, at 12).

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. However, such evidence is admissible to prove motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, or absence of mistake or accident when the same is material, whether such other crimes, wrong, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

Aragon-Hernandez does not indicate which specific testimony by the informants at trial would have been inadmissible pursuant to this rule. An attorney does not provide ineffective assistance of counsel for failure to perform acts appearing to be futile or fruitless. *See Garrett v. United States,* 78 F.3d 1296, 1302 (8th Cir. 1996) *cert. denied,* 117 S.Ct. 374 (1996). Trial counsel states, in her affidavit, that she did not file pretrial motions to exclude the testimony of the informants "because their testimony was admissible." (Response, Ex.1, at 3). Aragon-Hernandez has not demonstrated that his trial counsel's performance was deficient, or that he was prejudiced by any such alleged deficiency. Aragon-Hernandez also has not shown which testimony should have been excluded or how exclusion of such evidence would have established "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Therefore, he has not established that he suffered prejudice. For these reasons, Aragon-Hernandez's claim will fail.

### 5. *Failure to Raise* **Brady** *Violation*

Aragon-Hernandez also claims that his trial counsel provided ineffective assistance by failing to raise a *Brady* violation based on the government's failure to disclose that the witness who testified to having seen Aragon-Hernandez in possession of a gun during a drug transaction testified to having seen a "black and silver" gun rather than a black gun. (Second *Pro Se* Supplemental Brief in Support of Motion at 29). Further, Aragon-Hernandez claims that his trial counsel was ineffective for failing to object to the government's introduction of audible tape recordings, in violation of a previous ruling on a Motion to Suppress Evidence. (Second *Pro Se* Supplemental Brief in Support of Motion, at 30).

Respondent argues first, that the introduction of audible tape recordings did not violate a previous order, which prohibited only the introduction of certain specified inaudible tape recordings. (Response at 13). Second, respondent claims that Aragon-Hernandez cannot establish that he was prejudiced by the admission of the tape recordings because there was other overwhelming and admissible evidence of the drug transactions and Aragon-Hernandez's involvement with them. (Response at 13). Respondent also argues that Aragon-Hernandez cannot demonstrate that he was prejudiced by admission of the testimony regarding the color of the gun because there was other sufficient evidence that Aragon-Hernandez possessed/used a gun in connection with a drug-trafficking crime. (Response, at 13).

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. In order to establish a violation of *Brady*, defendants must demonstrate that the evidence was 1) suppressed; 2) exculpatory; and 3) material to guilt. *Christenson v. Ault*, 598 F.3d 990, 996 (8th Cir. 2010) (citing *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963). To establish a *Brady* violation, the defendant must also demonstrate that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Livingstone*, 576 JF.3d 881, 884 (8th Cir. 2009). Aragon-Hernandez must show that the "favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995).

Aragon-Hernandez claims that the trial testimony that the gun was "black & silver" when it was in fact, black, is exculpatory evidence that should have been disclosed prior to trial. This court does not find that the testimony regarding the color of the gun was

favorable evidence that could "reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id.* Therefore, Aragon-Hernandez's trial counsel did not provide ineffective assistance by failing to move for a mistrial or to object to this testimony. If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). Aragon-Hernandez's claim, on this ground, fails.

Aragon-Hernandez also claims that his trial counsel was ineffective for not objecting to introduction of an audible tape recording of telephone conversations because the introduction of this evidence was in violation of an earlier ruling on a Motion To Suppress Evidence. Although Aragon-Hernandez casts this claim as a *Brady* violation claim, this court is unable to perceive how it can be anything other than a straightforward claim of ineffective assistance and construes it as such. The record reflects that the undersigned ruled only that the specific inaudible copy presented to the court during the hearing on Aragon-Hernandez's Motion To Suppress was inadmissible and that if the government succeeded in producing an audible recording, such recording may be admissible. (Crim. docket no. 34). The record further indicates that these recordings were disclosed to Aragon-Hernandez, prior to trial, as they were the subject of the Motion To Suppress. Additionally, Aragon-Hernandez has not shown how these tape recordings were in any way exculpatory or could reasonably have been "taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995). Aragon-Hernandez cannot establish that his trial counsel's performance was deficient because he has not established that any objection to this evidence, or motion for mistrial based on its admission, would have been successful. Therefore, this claim also fails. *See United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

**6. *Motion for New Trial Pursuant to Rule 33***

On February 2, 2010, Aragon-Hernandez, by and through counsel, filed a Motion For New Trial pursuant to Rule 33. (Civ. docket no. 42). The Motion For New Trial is based on the same allegations of ineffective assistance of counsel, relating to introduction of the tape recording at trial, that are contained in Aragon-Hernandez's § 2255 Motion. No response has been filed to this motion.

This court finds that Aragon-Hernandez's Motion For New Trial is untimely. Federal Rule of Civil Procedure 33(b)(2), as in effect in 2007, required a motion for a new trial, such as Aragon-Hernandez's, to be filed within seven days of the verdict. The rule was amended effective December 1, 2009, to allow such motions to be filed within fourteen days of the verdict. Under either deadline, Aragon-Hernandez's motion is untimely and Aragon-Hernandez does not claim that the delay in filing this motion was due to "excusable neglect." *See United States v. Boesen,* 599 F.3d 874, 879 (8th Cir. 2010)(citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395 (1993). Therefore, as a Motion for New Trial, pursuant to Rule 33, Aragon-Hernandez's Motion will be denied.

In an abundance of caution, this court will construe Aragon-Hernandez's Motion For New Trial pursuant to Rule 33, as a further Supplement to his § 2255 Motion. As such, Aragon-Hernandez continues his argument that his trial counsel was ineffective for failing to object to the admission of the tape recording, at trial. As stated above, this argument demonstrates a misunderstanding of the court's ruling on the Motion to Suppress regarding the tape recordings. That ruling provided only that the inaudible recording was suppressed. Furthermore, Aragon-Hernandez has not established, with reasonable probability, that exclusion of this evidence would have led to a different result of the proceeding because there was sufficient evidence of his guilt without admission of the tape recording. *See Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*,

423 F.3d at 877 (same). Construed as supplemental grounds to Aragon-Hernandez's § 2255 Motion, his claim of ineffective assistance of trial counsel, masked as a Motion For New Trial, also fails.

## C. Certificate of Appealability

Denial of Aragon-Hernandez's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein and, additionally, Aragon-Hernandez, by counsel, filed a Motion (Civ. docket no. 53) requesting the issuance of a certificate of appealability for any issue decided adversely to the Petitioner. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Aragon-Hernandez has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Aragon-Hernandez's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Aragon-Hernandez does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

## IV. CONCLUSION

Upon the foregoing, Aragon-Hernandez's *Pro Se* Motion Under 28 U.S.C. § 2255 (Civ. no. 1), is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 4th day of November, 2010.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA